Freeman, J.,
delivered the opinion of the Court.
This is a motion to condemn a tract of land, and order the same to be sold upon the report of the tax’ collector made to the Circuit Court of Madison County.
The only question presented before us, and which we propose to decide, is the single one made by the Circuit Judge who refused to condemn the land, because he held that the law under which it was asked has been repealed; by which we understand him to rule, that the assessment act of 1873, sec. 80, repeals all former laws for sale of lands for taxes, and pro *441 vides a new mode of making such ■ sales, not only for taxes that had accrued after the passage of the law, but those due before its passage. The question is— was he correct in so holding? By sec. 61 of the act of 1873, it is provided, “That in all cases where taxes remain due and unpaid on the first day of June, of the year following the year for which the taxes are due, the tax collector shall make out a complete list, etc./5 and then proceeds in the balance of the section, and succeeding sections, to point out with great particularity, the mode of proceeding in such sales. By sec. 80, it is enacted, “That all acts and parts of acts upon the subject of assessments and collection of taxes, and sale of lands for taxes, in conflict with the provisions of this act, and all other acts in conflict Avith the provisions of this act, be and the same are hereby repealed.55
It is certain, that the taxes of 1872, remaining due and unpaid on the first day of June, 1873, are included in the language of sec. 61 of the above act of 1873. "We can see no principle of law by which it can be held that the mode of enforcing the collection of a debt due the State for taxes becomes irrepealable.
"We are familiar with the principle, that the substantial remedy provided by law at the time of the creation of the debt, can not be 'so taken away or changed, as to defeat or impair the right of a creditor to enforce a contract entered into. But we do not see that this principle has application to this case. The creditor does not complain that his right to his *442 debt has been impaired, nor do we think such complaint could be made, even in case it was a private creditor, while an equally efficient and substantial remedy was provided by law.
Be this however as it may — and we do not definitely decide how this is — it is, as we think, certain however, that sec. 80, which we have cited, repeals all laws for the collection of taxes, and sale of lands for taxes, from and after its passage, and no court can properly make any sale under former statutes; for being repealed, with no saving clause as to taxes accruing before the passage, they stand as if they had never existed — have been taken from the Statute Book as laws, and have no binding force, and as a matter of course, can not be administered or enforced by the courts. The legislative will is distinctly and unequivocally declared, and is conclusive upon all — that such laws are repealed.
In the case of The Queen v. Inhabitants of Denton, 14 Eng. Law & Eq. R., 127, Lord Campbell states the law to be that, “The general rule is, that a repealed statute can not be acted upon after it is repealed, but that with regard to all matters that have taken place under it before the repeal, they remain valid and can not be questioned.” He says, “It is said that there is a difference between the case where the repealing act affects the substance of the proceeding, and where it affects only the form; but I do not think any such distinction can be made.” As a matter of course, the repeal of the former statutes has no influence on orders of sale for taxes, before the dates *443 of the repeal — but such sales will be valid and binding, if done in pursuance of the law in force at the time such judgments were entered. This principle was applied by the Court of Appeals of New York, in the celebrated case of Mrs. Hartung, in 22 N. Y. R., 96, to the discharge of a party convicted of a most atrocious murder, because of the repeal of the law inflicting capital punishment. The same principle has been applied in several other cases of like character. See Huchler v. The State, 2 Am. L. Reg., 43; Brothers v. The State, 2 Col.
These were criminal cases, but we are aware of no difference in the principle as applied to criminal and civil cases.
"Without citing further authorities, our conclusion is, that the only law now in force under which a tax sale can be made is the law of 1873, all others being expressly repealed by sec. 80 of said act, and therefore, his Honor was correct in his holding.
Affirm the judgment.